# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 18-0187-WS |
| | ) | |
| EDMOND DEAN YATES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on defendant Edmond Dean Yates' Motion to Suppress (doc. 16). The Motion has been briefed.[1]

Yates is charged in a Superseding Indictment (doc. 18) with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). The charges arise from certain events that took place on May 18, 2018. On that date, a Cycle Therapy bicycle shop employee named Peter called 911 to report that a suspect had just come into the store with a bicycle that a customer had reported stolen several months earlier. On the

---

[1] In his Motion, Yates requested an evidentiary hearing. A movant is not entitled to a hearing on a motion to suppress as a matter of course. *See., e.g., United States v. Cooper*, 203 F.3d 1279, 1285 (11th Cir. 2000) ("Defendants are not entitled to an evidentiary hearing based on a 'promise' to prove at the hearing that which they did not specifically allege in their motion to suppress"); *United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir. 1985) (district court "may refuse a defendant's request for a suppression hearing if the defendant fails to allege facts that, if proved, would require the grant of relief"); *United States v. Horne*, 198 Fed.Appx. 865, 870 (11th Cir. Sept. 18, 2006) (finding no abuse of discretion by district court in not holding evidentiary hearing on motion to suppress where defendant's motion "presented issues of law, not fact," and failed to "raise[] a disputed issue of fact that required resolution in an evidentiary hearing") (citations omitted). In the briefing schedule for Yates' Motion, the Court cautioned the parties that an evidentiary hearing would not be set as a matter of course and that any party believing a hearing is necessary or appropriate "must set forth a particularized explanation for this belief in its memorandum," or else the Motion to Suppress would be taken under submission without a hearing. (Doc. 17.) Defendant's sole asserted justification for requesting a hearing is that an evidentiary hearing is necessary "to determine if there was any other corroborating evidence to justify a seizure of Mr. Yates['] person." (Doc. 16, PageID.42.)

911 audio recording, Peter explained to the operator that the customer, whom he named and who is identified in the record by the initials M.F., had described the bicycle as a "Cube with a flat bar and Ultegra group set." (Doc. 25, Exh. 4.) Peter also informed the 911 operator that the individual with that bicycle had just left the Cycle Therapy store to change a flat tire in the shade.

In response to this 911 call, Mobile Police Officer Radwan Habibi was dispatched to the store. Upon arriving, Officer Habibi received a description from Peter that the suspect was a black male wearing an orange top and blue jeans, and carrying a black backpack. (Doc. 25, PageID.74.) Peter further notified Officer Habibi that the bicycle in question was a rare German bicycle not sold in the United States. (*Id.*) By this time, the suspect had already left Cycle Therapy; however, Officer Habibi roamed the area and located the suspect – later identified as Yates – fitting the description and in possession of the bicycle nearby at the corner of Timbers Drive and Hillcrest Road. (*Id.*)[2] Upon calling in Yates' identifiers, Officer Habibi learned that Yates had one or more active, outstanding arrest warrants. (Doc. 25, Exh. 6.) On that basis, Yates was placed under arrest. (Doc. 25, PageID.74.) The Government's evidence is that, after placing Yates in custody, the officer searched Yates' backpack and seized a .380 Taurus firearm, a small amount of marijuana, and a single white pill later identified as Tramadol. (Doc. 25, PageID.69, 74.)[3] Yates was mirandized, following which he gave a statement indicating that he had found the pistol on the side of the road near the bicycle store, and that the bicycle had been given to him by someone named "Tyrone." (*Id.*; doc. 25, Exh. 2.)

In his Motion to Suppress, Yates now seeks to suppress all evidence obtained as a result of the seizure of his person and the ensuing search of his backpack. Defendant contends that law enforcement violated his Fourth Amendment rights by detaining him in the police cruiser and searching his backpack without probable cause that he had committed a crime. The version of the facts presented in Yates' version diverges from that of the Government in two material respects. First, according to defendant, his first encounter with law enforcement consisted of

---

[2] The Court takes judicial notice that the corner of Timbers Drive and Hillcrest Road is approximately one-half mile north of the Cycle Therapy storefront on Hillcrest Road.

[3] This sequence of events is set forth in Officer Habibi's written narrative. (Doc. 25, PageID.74.)

Officer Habibi yelling to him from the police cruiser and asking him about the bike, to which Yates responded that it belonged to him and had been given to him by his brother. Yates maintains that Officer Habibi then pulled him over and detained him inside the patrol car. Second, Yates' position is clear that the officers immediately confiscated and searched his backpack upon placing him in the patrol car, before they had determined his name or made any attempt to ascertain whether he had any outstanding warrants. (Doc. 16, PageID.40-41.)

Defendant's challenge to the validity of the initial stop fails as a matter of law. Under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), "the police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" *United States v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989) (quoting *Terry*, 392 U.S. at 30-31). To justify an investigatory stop, the officer must "show a reasonable, articulable suspicion that the person has committed or is about to commit a crime." *United States v. Espinosa-Guerra*, 805 F.2d 1502, 1506 (11th Cir. 1986). "Reasonable suspicion is not concerned with hard certainties, but with probabilities and law enforcement officers may rely on common sense conclusions." *United States v. Bishop*, 940 F.3d 1242, 1250 (11th Cir. 2019) (citation and internal quotation marks omitted). "The reasonable suspicion required for a *Terry* stop is more than a hunch, at least some minimal level of objective justification, taken from the totality of the circumstances." *United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1220-21 (11th Cir. 1993) (citations and internal quotation marks omitted).

The Government has unequivocally shown that the officer's *Terry* stop of Yates was supported by reasonable suspicion. After all, Officer Habibi had received a description of both the suspect and the stolen bicycle from the bicycle store employee who had placed the 911 call. He knew that the suspect had left the store just minutes earlier with the bicycle. And he located an individual matching the suspect's description in possession of a bicycle matching the stolen bicycle's description, all within reasonably close proximity to the store. When Officer Habibi called out from his patrol car about the bicycle, Yates' explanation (*i.e.*, that the bicycle had been given to him by his brother) warranted further investigation given the rarity of that bicycle and its lack of availability for purchase in the USA. As such, based on the totality of the circumstances, there was reasonable suspicion to believe that Yates had committed a crime, thereby justifying a brief detention under *Terry v. Ohio* for investigatory purposes.

In arguing otherwise, Yates relies on authorities standing for the proposition that anonymous tips do not, in and of themselves, give rise to reasonable suspicion for a *Terry* stop. But this case does not involve an anonymous tip. Law enforcement officers had spoken face-to-face with Peter, the bicycle shop employee who had placed the 911 call about observing the stolen bicycle in the shop that afternoon. They had the name of the customer who owned the bicycle. They had been informed that the bicycle in question was a rare German bicycle not sold in the United States, thereby tending to negate the likelihood of a mistaken identification. As such, the anonymous tip line of caselaw upon which Yates' Motion hinges is inapplicable.[4]

Yates' next argument requires further scrutiny. He maintains that even if the *Terry* stop were valid, his Fourth Amendment rights were violated because the officers immediately seized and searched his backpack when they detained him, even before they knew his name or the existence of active warrants for his arrest. The Government's sole attempt to justify the backpack search is as an inventory search incident to arrest. *See generally Illinois v. Lafayette*, 462 U.S. 640, 648, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983) ("we hold that it is not 'unreasonable' for police, as part of the routine procedure incident to incarcerating an arrested person, to search any container or article in his possession, in accordance with established inventory procedures"). Thus, inherent in the Government's argument is a factual determination that Yates was placed under arrest for active warrants before Officer Habibi searched his backpack. Defendant maintains that this sequence of events is backwards, and that Yates' backpack was confiscated

---

[4] Even if this case could somehow be classified as an "anonymous tip" case, the law is clear that "an anonymous tip can, under certain circumstances, give rise to reasonable suspicion, as long as the information provided contains sufficient indicia of reliability to justify the investigatory stop." *United States v. Heard*, 367 F.3d 1275, 1278 (11th Cir. 2004) (citation and internal quotation marks omitted). "The issue is whether the tip, as corroborated by independent police work, exhibited sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop." *United States v. Lindsey*, 482 F.3d 1285, 1291 (11th Cir. 2007) (citation omitted). There were numerous indicia of reliability here, including (i) Peter's name, employment status and telephone number; (ii) the detailed description of the bicycle; (iii) the description of the suspect; (iv) the identity of the bicycle's owner; (v) the location of suspect and bicycle approximately one-half mile from the bicycle shop; and (vi) the suspect's lack of credibility in responding that his brother had given him the bicycle when Officer Habibi called out to him. This totality of facts and circumstances supported a reasonable belief that Yates had committed a crime, regardless of whether this case is lumped in with the "anonymous tip" strand of authorities or not.

and searched before his identifiers were run and before officers knew of the active warrants, such that the backpack search was not and could not have been an inventory search incident to arrest.

In light of the foregoing, the Court finds that an evidentiary hearing is required on Yates' Motion to Suppress for the limited purpose of ascertaining whether the backpack search was indeed an inventory search incident to Yates' arrest, or whether officers searched the backpack immediately upon initiating the *Terry* stop, before they knew Yates' name or the existence of active warrants for his arrest. An evidentiary hearing on this limited, narrow factual issue will be conducted before the undersigned on **December 3, 2019 at 2:00 p.m. in Courtroom 3B**.

DONE and ORDERED this 21st day of November, 2019.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE